United States District Court
Southern District of Texas
**ENTERED**
August 14, 2018
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LAURA TREADAWAY,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | **No. 4:17-cv-1093** |
| **NANCY A. BERRYHILL,** | § | |
| **Acting Commissioner of the** | § | |
| **Social Security Administration** | § | |
| | § | |
| ***Defendant.*** | § | |

## MEMORANDUM OPINION

Plaintiff Laura Treadaway ("Plaintiff") seeks review of the Defendant Acting Commissioner ("Commissioner") of the Social Security Administration's ("SSA"), denial of her request for disability insurance benefits under Title II of the Social Security Act (the "Act").[1] The Parties filed cross-motions for summary judgment. Pl.'s Mot. Summ. J., ECF No. 14 & 15; Def.'s Mot. Summ. J., ECF No. 17; Def.'s Opp'n, ECF No. 18. Based on the parties' submissions, the record, and the applicable law, the Court denies Plaintiff's motion and grants the Commissioner's motion.

[1] The Parties consented to have this Court conduct all proceedings in this matter pursuant to 28 U.S.C. § 636(c). Consent, ECF Nos. 3, 11; Order Reassigning Case, ECF No. 12.

## I.
## BACKGROUND

Plaintiff filed her application for disability benefits on August 9, 2014. She alleged disability beginning November 15, 2009. R. 14. At the hearing, she amended the alleged onset date to March 1, 2013. She claimed disability due to diabetes mellitus, asthma, right shoulder tendinitis, obesity, bipolar disorder, and an anxiety disorder not elsewhere classified. In addition, she claim impairments based on gastroesophageal reflux disease, headaches, left foot cellulitis, degenerative disc disease, and osteoporosis of the left foot. R. 17. Plaintiff has a college education and past relevant work as a cabinet maker, phlebotomist, and house cleaner. R. 23. At the time of the hearing on June 10, 2016, Plaintiff was 48 years old. She was covered for benefits through December 31, 2016.

On June 10, 2016, Administrative Law Judge ("ALJ") Evangeline Mariano-Jackson presided over a video hearing in Houston, Texas. Plaintiff appeared by video and testified from Bryan, Texas. R. 38. Jemia Midget, an attorney, represented Plaintiff at the hearing. *Id.* Also appearing and testifying were Daniel Hamill, a medical expert, and Kay Gilreath, a vocational expert. *Id.*

On October 21, 2016, the ALJ issued a decision, denying Plaintiff's application for benefits. R. 25. On February 10, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. This appeal followed. Compl. ECF No. 1.

## II.
## STANDARD OF REVIEW

The Social Security Act provides that an individual may seek judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party." 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commission. . . as to any facts, if supported by substantial evidence, shall be conclusive. . .

*Id*. Judicial review of the Commissioner's denial of disability benefits is limited to two inquiries: (1) whether the decision is supported by substantial evidence; and (2) whether the Commissioner applied the proper legal standards in evaluating the evidence. *See id.*; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2000).

Substantial evidence is "more than a scintilla but less than a preponderance." *Boyd*, 239 F.3d at 704; *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). "It means such relevant evidence as a reasonable mind might accept as accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The "substantial evidence" standard is not a rubber stamp of the Commissioner's decision. It involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *accord Singletary v. Brown*, 798 F.2d 818, 822-23 (5th Cir. 1986). Rather, a reviewing court must scrutinize the record as a whole, taking into account

whatever in the record fairly detracts from the weight of the evidence supporting the Commissioner's findings. *See Cook*, 750 F.2d at 393. A court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). A reviewing court may not reweigh the evidence in the record, retry the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

To qualify for disability benefits, a plaintiff must prove she is disabled. A person is disabled if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(c)(a)(3)(A); *Masterson*, 309 F.3d at 271. The ALJ follows a five-step sequential analysis to determine whether a claimant is disabled:

(1) Is the claimant presently engaged in substantial gainful activity, *i.e.*, working? If the answer is yes, the inquiry ends and the claimant is not disabled.

(2) Does the claimant have an impairment or combination of impairments that is "severe"? If yes, the inquiry proceeds to the next step.

(3) Does the severe impairment meets or equals the criteria listed in the applicable regulations, known as Appendix 1 ('the listing")? If so, the claimant is disabled. If not, then the ALJ must assess the claimant's residual functional capacity and the inquiry proceeds to the next step.

(4) Considering the claimant's residual functional capacity, can the claimant still perform his/her past relevant work? If so, the claimant is not disabled. If not, then it proceeds to the next step.

(5) Considering the claimant's residual functional capacity, age, education, and work experience, is there other work the claimant can perform? If yes, the claimant is not disabled.

*See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the burden of proof on the first four steps of this inquiry. *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005). At Step Five, the burden shifts to the Commissioner to show that employment for the claimant exists in the national economy. *Id.* If the Commissioner makes that showing, the burden shifts back to the claimant, who must rebut the Commissioner's evidence. *Id.*

## III.
## ANALYSIS

### A. Challenges to the ALJ's Decision

The ALJ determined that Plaintiff had multiple severe impairments, but they

did not meet the criteria of the listing. R. 17.[2] The ALJ found the Plaintiff has an RFC to perform light work, subject to a list of exceptions,[3] could not perform her past work, but could perform such jobs such as: In-Office Mail Clerk (DOT #209.687-026), Office Helper (DOT #239.567-010), and Laundry Folder (DOT #369.687-018). R. 19-24. Thus, the ALJ found Plaintiff was not disabled under 20 C.F.R. § 404.1520(g). R. 24.

Plaintiff argues that the ALJ erred at Step Five because she failed to address Plaintiff's post-hearing objections, requiring remand. ECF No. 15 at 4. In response to Plaintiff's motion, the Commissioner argues that the Plaintiff failed to show that the ALJ committed reversible error. ECF No. 18 at 2. The Commissioner asserts that substantial evidence supports the ALJ's decision, ECF No. 17 at 4-8, and the ALJ properly relied on the vocational expert's opinion to find that Plaintiff was not disabled, warranting summary judgment in the Commissioner's favor. *Id.* at 8.

### B. The ALJ Did Not Commit Reversible Error in Failing to Specifically Address Each of Plaintiff's Post-Hearing Objections

After the hearing, Plaintiff submitted a post-hearing memorandum in support of Plaintiff's claim for disability benefits, asserting the following eight objections:

---

[2] The severe impairments were diabetes mellitus, asthma, right shoulder tendinitis, obesity, bipolar disorder, and an anxiety disorder not elsewhere classified. R. 17.

[3] The exceptions included that she can stand/walk for four out of eight hours; sit for six out of eight hours; understand, remember and carry out simple, routine and repetitive tasks requiring no more than one-two-three step operations, involving only simple work-related decisions; and tolerate occasional and brief interaction with supervisors, co-workers, and the public.

(1) The ALJ abused her discretion by preventing Plaintiff from conducting a full and thorough cross-examination of the vocational witness.

(2) Plaintiff objects to any purported expert testimony from the vocational expert regarding job incidence and numbers in the economy as the record fails to show any qualifications through training, education, or experience that would establish the necessary expertise to give opinions on the number of jobs that exist in the economy.

(3) Plaintiff objects to the vocational expert's sources for opinion on job numbers.

(4) Plaintiff objects to the vocational expert's offering of sample DOT titles with job numbers representing larger groups.

(5) Plaintiff objects to any jobs identified in response to any hypothetical with a limitation of standing or walking for four hours because it would be a violation of SSR 00-1c, which prohibits job accommodations.

(6) Plaintiff objects to the positions offered by the vocational expert in response to the hypothetical RFC, as these positions would require more than occasional interaction with coworkers and supervisors.

(7) Plaintiff objects to the vocational expert's testimony based on DOT, which Plaintiff argues is outdated.

(8) Plaintiff objects to the vocational expert's testimony that she could perform the job of an In-Office Mail Clerk, which has a General Educational Development Reasoning Level of 3.

R. 306. Plaintiff contends that the ALJ committed reversible error by failing to address each of these objections. Plaintiff's argument lacks merit. First, the ALJ addressed several of the objections during the hearing. With regard to the remaining objections, Plaintiff has the burden of showing that the ALJ's error resulted in prejudice. *Jones v. Astrue*, 691 F.3d 730, 735 (5th Cir. 2012). To show prejudice, the claimant must point "to evidence that would have been adduced and

that could have changed the result." *Brock v. Chater*, 84 F.3d 726, 729 n.1 (5th Cir. 1996). Plaintiff has failed to show prejudice as a result of the ALJ's failure to rule and therefore is not entitled to remand. The Court will review each of the objections asserted below.

***1. The ALJ did not abuse her discretion when she stopped Plaintiff's attorney from cross examining the vocational expert on the expert's credibility and sources.***

Plaintiff contends that the ALJ abused her discretion when she refused to allow Plaintiff's attorney to fully cross-examine the vocational expert. R. 306. (citing HALLEX I-3-3-2).[4] Plaintiff fails to cite any authority that such exercise of discretion is an abuse warranting reversal. The Court has found no such authority.

To the contrary, an ALJ has the authority to determine when a plaintiff can conduct cross-examination of the vocational expert and whether questions asked or answers given are appropriate. HALLEX I-2-6-74(c). Thus, while HALLEX gives Plaintiff the right to question on any pertinent matter within the vocational expert's area of expertise, the ALJ has discretion to limit the examination. *Id.*

During her direct testimony, the vocational expert testified about her expertise and the sources she used in arriving at her opinion. In cutting off the cross-examination on these issues, the ALJ noted counsel's general objection, but

[4] This provision of HALLEX provides that the Appeals Council will review a case where the ALJ has abused her discretion, defined as when an ALJ's action is erroneous and without any rational basis, or is clearly not justified under the particular circumstances of the case, including not permitting the claimant to submit evidence necessary to support her claim.

stated that she found the expert qualified. R. 74. Moreover, this vocational expert is apparently qualified as she has testified in numerous cited cases. *See, e.g.*, *Adams v. Colvin*, No. H-12-1627, 2013 WL 3820859 (S.D. Tex. July 23, 2013); *Romine v. Barnhart*, 454 F. Supp. 2d 623 (E.D. Tex. 2006); *Campbell v. Barnhart*, 374 F. Supp. 2d 498 (E.D. Tex. 2005); *Elam v. Barnhart*, 386 F. Supp. 2d 746 (E.D. Tex. 2005).

Therefore, the ALJ did not abuse her discretion when she limited counsel's cross-examination.

***2. The ALJ ruled on Plaintiff's post-hearing objections (II), (III), and (IV) during the hearing.***

Plaintiff's second, third, and fourth post-hearing objections challenged the vocational expert's testimony regarding job incidence and numbers in the economy, the sources for her opinion on job numbers, and the sample DOT titles with job numbers representing larger groups. R. 306. The ALJ ruled on the substance of these objections during the hearing. R. 80-81.

During the hearing, the ALJ asked the vocational expert to specify the sources of authority she used to determine the number of jobs that existed for the Plaintiff. R. 73-74. The ALJ made a ruling at the hearing as to the sources the vocational expert used, that the DOT was a sufficient source as long as her opinion was consistent with it, and, if not, that her experience was sufficient to form an opinion that was not consistent with the DOT. *Id.* Thus, the record establishes that,

contrary to Plaintiff's assertion, the ALJ addressed the substance of post-hearing objections (II), (III), and (IV) during the hearing. *Lara v. Berryhill*, No. B-17-77, 2017 WL 7790109, at *9 (S.D. Tex. Dec. 4, 2017) (ALJ ruled on the substance of the objections even if claimant disagreed).

Thus, there is no prejudice to Plaintiff and the argument is without merit.

***3. The ALJ's failure to address other post-hearing objections was harmless error and does not justify a remand.***

The ALJ did not rule on objections (V), (VI), (VII), and (VIII). The ALJ's failure to rule, however, does not warrant a reversal. *See Hurst v. Colvin*, 639 Fed. Appx. 1018 (5th Cir. Feb. 12, 2016) (unpublished) (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)).

Although HALLEX § I-2-6-74(B) requires that an ALJ rule on objections during the hearing, in a separate exhibit, or in the ALJ's written decision, courts may not reverse and remand for failure to comply with these internal procedures without first considering whether the error was harmless. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003); *accord Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000) (reversal is warranted if prejudice results from an ALJ's failure to follow HALLEX). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Frank*, 326 F.3d at 622; *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (error is

harmless unless there is no reason to think that a remand might lead to a different result). Here, the error was harmless.

Plaintiff failed to raise these objections during the hearing and should not be allowed to scour the record to find flaws to argue after the record is closed. *See Carey v. Apfel,* 230 F.3d 131, 146-47 (5th Cit. 2000). Even if the ALJ had ruled on all of Plaintiff's post-hearing objections, Plaintiff has failed to establish that the ALJ would have found the Plaintiff to be disabled. Plaintiff has failed to point to any evidence that would have changed the result. *Brock*, 84 F.3d at 729 n.1 (5th Cir. 1996) (the claimant must point "to evidence that would have been adduced and that could have changed the result.").

Moroever, the ALJ's decision was supported by substantial evidence from both the record and the vocational expert. When substantial evidence supports an ALJ's decision, any error is harmless. *Colgrove v. Colvin*, No. 4:14-CV-798-A, 2015 WL 9582909, at *7 (N.D. Tex. Dec. 14, 2015), *report and recommendation adopted*, No. 4:14-CV-798-A, 2015 WL 9581835 (N.D. Tex. Dec. 30, 2015). Additionally, it is well settled that "[p]rocedural perfection in administrative proceedings is not required."

## C. ALJ's decision is supported by substantial evidence

### *1. Vocational expert Santagati's generic opinion letter does not mandate a reversal or remand.*

Plaintiff alleges the ALJ erred in determining Plaintiff could perform jobs

present in the national economy despite vocational expert Paula Santagati's opinion. ECF No. 15 at 4-16. Plaintiff's argument is without merit.

After the close of evidence, Plaintiff introduced a generic opinion letter from Ms. Santagati, who is a vocational rehabilitation counselor. R. 330-31. She opined that "the limitation of occasional interaction with coworkers and supervisors precludes *all work* as the training and probationary period for *any job* would require more than occasional interaction with coworkers and supervisors." R. 330 (emphasis added).

Ms. Santagati's opinion conflicted with the vocational expert who testified at the hearing. Ms. Gilreath determined that Plaintiff was able to perform the work required for three specified jobs despite this limitation. R. 77. During the hearing, the ALJ's question to the vocational expert was limited to jobs that Plaintiff could perform with "occasional interaction defined as brief interaction with supervisors, co-workers and the public." R. 76.[5] The vocational expert's consideration of job training and a probationary work period was inherent in her assessment of jobs Plaintiff could perform with her limitations. Otherwise, the ability to perform the work is meaningless if a prospective employee could never complete the necessary training. *Lara*, 2017 WL 7790109, at *9.

[5] *Lara*, 2017 WL 7790109, at *9 ("Occasionally" is defined as "occurring from very little up to one-third of the time." SSR 83–10, 1983 WL 31251, at *5).

Ms. Santagati's opinion asserts that *any claimant* who is limited to occasional interaction with supervisors, co-workers, and the public would *always be disabled* because all jobs require a training and probationary period, which entails more than occasional interactions with others. R. 330-31. Ms. Santagati's opinion is not specific to Plaintiff, failing to even mention her by name, and appears to be a form opinion to be used in all cases where any plaintiff has this type of limitation. She reviews a handful of entry level positions that would require extensive interaction with others during the training period; however, none of these jobs are the ones that Ms. Gilreath identified Plaintiff could perform. She fails to discuss the interactions that can be expected of an In-Office Mail Clerk, Office Helper, or Laundry Folder—the jobs Ms. Gilreath identified and the ALJ cited. *See Lara*, 2017 WL 7790109, at *9 (noting Ms. Santagati's same opinion letter is not specific to the jobs the vocational expert offered in that case).

At best, the ALJ was faced with conflicting opinions from two vocational experts and found Ms. Gilreath's opinion to be more compelling. It is well established law that "the court does not reweigh the evidence in the record, try the issues de novo or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (citing *Brown* 192 F.3d at 496). Conflicts in the evidence

are for the Commissioner to resolve. *Id.*[6]

More significantly, at Step 5, once the Commissioner shows that there are jobs in the national economy that the plaintiff can perform, the burden shifts to the plaintiff to rebut that evidence. Plaintiff relies exclusively on Ms. Santagati's letter. This court has previously rejected this same generic evidence as insufficient to rebut the Commissioner's evidence that a plaintiff can perform specific jobs. *Lara*, 2017 WL 7790109, at *10. It was Plaintiff's burden to show that the three jobs at issue would require more than occasional interaction with others. *Id.* She has failed to carry her burden. Accordingly, Plaintiff's claim should be denied.

### 2. *The ALJ's reliance on the Dictionary of Occupational Titles is justified.*

Plaintiff argued and submitted evidence to show that the DOT is obsolete and outdated and the ALJ should have relied on O*Net instead. ECF No. 15 at 10-11; R. 316-17. Plaintiff's arguments are unfounded.

"Whether the DOT is outdated is not a determination this Court can make." *Walker v. Berryhill*, No. 7:16-CV-00150-O-BP, 2017 WL 6883894, at *5 (N.D. Tex. Dec. 19, 2017), *report and recommendation adopted*, No. 7:16-CV-00150-O-BP, 2018 WL 339307 (N.D. Tex. Jan. 9, 2018). The Regulations explicitly allow the ALJ to use the DOT. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Use of

[6] Plaintiff also cites as error the ALJ's failure to mention this expert opinion letter in her decision. ECF No. 15 at 7-8. Based on the Court's finding that the opinion is generic and does not provide evidence sufficient to rebut the testifying expert's opinion, any error in failing to discuss this Ms. Santagati's letter is harmless. *Colgrove*, 2015 WL 9582909, at *7.

the DOT is widespread in Social Security cases in all circuits. *See Donahue v. Barnhart*, 279 F.3d 441, 445 (7th Cir. 2002) (collecting the positions of the circuit courts on the amount of authority accorded to the DOT against contrary VE testimony); *accord Gillespie v. Astrue*, No. 1:13-CV-00219, 2014 WL 1168872, at *11 (W.D. La. Mar. 21, 2014) ("VEs typically use the Dictionary of Occupational Titles published by the Department of Labor, the Standard Occupational Classification system published by the Department of Labor, and census reports published by the Bureau of Census…"); *Hernandez v. Astrue*, No. A-06-CA-416 LY, 2007 WL 1746896, at *3 (W.D. Tex. June 15, 2007) (referring to the DOT as the "standard reference guide"). "'O*Net has not been designated as an acceptable source under Social Security Regulations, and the court is not at liberty to substitute its judgment for those regulations.'" *Walker*, 2017 WL 6883894, at *5 (citing *New v. Comm'r of SSA*, Civ. A. No. 4:13-CV-0013-SAA, 2014 WL 7361602, at *9 (N.D. Miss. Dec. 23, 2014)).

This Court's task is not to reweigh the evidence but to decide whether substantial evidence supported the ALJ's decision. *Id.* at *6 (citations omitted). As is the standard practice in federal court, the ALJ relied on the testimony of the vocational expert based on the DOT. *Id.* This ground does not require remand.

### *3. Standing and walking limitations do not constitute a "work accommodation."*

Plaintiff argues that the standing and walking limitations in the hypothetical question to the vocational expert and the ALJ's RFC finding constitute "work accommodations" prohibited by SSR 00-1c. ECF No. 15 at 13. Again, Plaintiff's argument is without merit.

As the United States Supreme Court recognized, by its own procedures, the SSA does not take the possibility of a reasonable accommodation into account when it determines disability because its resources are limited and this issue may turn on highly disputed workplace-specific matters. A mistake on this issue would deprive a seriously disabled person of the critical financial support the statute seeks to provide. *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 803 (1999) (citing Memorandum from Daniel L. Skoler, Associate Comm'r for Hearings and Appeals, SSA, to Administrative Appeals Judges, reprinted in 2 Social Security Practice Guide, App. § 15C[9], pp. 15–401 to 15–402 (1998)). Nonetheless, the Fifth Circuit has noted that that allowing for an employee to alter between sitting and standing is a "prevalent accommodation in the workplace" and reliance on a vocational expert's testimony that considers this limitation is justified. *Jones v. Apfel*, 174 F.3d 692, 694 (5th Cir. 1999); *Scott v. Shalala*, 30 F.3d 33, 34 (5th Cir. 1994) ("In some disability claims, the medical facts lead to an assessment of an RFC which is compatible with the performance of either

sedentary or light work except that the person must alternate periods of sitting and standing. . . .”).

Here, the ALJ was justified in relying on the vocational expert who considered this limitation in the potential jobs Plaintiff could perform. The ALJ clarified this with the vocational expert when she asked, “And when you say these jobs allow for a sit/stand option, Ms. Gilreath, what does that mean?” R. 77. The vocational expert responded, “Well, they can be – have a combination of being at a desk or a table and can stand or – as in the office helper, they’re general clerical that they can walk around the office.” R. 77-78. Thus, each of the jobs the vocational expert proffered allows a worker to both sit and stand.

Plaintiff’s assertion that the standing and walking limitations constitute impermissible work accommodations is therefore unfounded. The ALJ’s failure to address this objection is harmless.

***4. The reasoning level of an In-Office Mail Clerk does not inherently conflict with an RFC limited to simple, repetitive, and routine tasks.***

Plaintiff asserts that the job as an In-Office Mail Clerk is not consistent with Plaintiff’s mental limitations. ECF No. 15 at 13. She argues that her mental functional capacity limitation to simple, repetitive, and routine tasks conflicts with the General Educational Development Reasoning Level of 3 in the description of In-Office Mail Clerk. *Id.* (citing Objections, R. 312). In the objections, Plaintiff

contends that her mental functional capacity limits her jobs to Reasoning Levels 1 and 2, and that this conflict requires a remand for further proceedings. R. 312-13.

While Plaintiff cites to authority in the Ninth and Tenth Circuits[7] for the assertion that there is a conflict between the RFC to perform simple, repetitive tasks, and the demands of Level 3 Reasoning, "the great weight of authority on this issue" is that there is no apparent conflict between an RFC limitation to simple, repetitive, and routine tasks and Reasoning Level 3. *Johnson v. Astrue*, No. 11-3030, 2012 WL 5472418, at *11 (E.D. La Oct. 5, 2012) (citing *Welch v. Astrue*, No. 1:11-CV-384-GZS, 2012 WL 3113148, at *7 (D. Me. July 11, 2012) (noting that the Fourth, Seventh, Eighth, Ninth, and Eleventh Circuits have found no conflict in such cases)). Reasoning Levels 1, 2, and 3 as defined in the DOT each "entail commonsense understanding of instructions and dealing with problems involving, at most, several variables in or from standardized situations." *Welch*, 2012 WL 3113148, at *6. "Thus, [R]easoning [L]evel 3 is very similar to [R]easoning [L]evels 1 and 2," and all three levels "are consistent with a limitation to simple, unskilled work." *Thacker v. Astrue*, No. 3:11CV246-GCM-DSC, 2011 WL 7154218, at *4 (W.D.N.C. Nov. 28, 2011), *report & recommendation adopted*, 2012 WL 380052 (W.D.N.C. Feb. 5, 2012).

[7] R. 312 (citing *Zavalin v. Colvin*, 778 F.3d 842 (9th Cir. 2015); *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005)).

Thus, Plaintiff's argument that she is unable to perform the job of an In-Office Mail Clerk solely due to its classification as a job which requires a General Educational Reasoning Level of 3 is without merit. Thus, the ALJ's failure to address this objection was harmless.

## IV. CONCLUSION

This Court finds the ALJ's decision was supported by substantial evidence and the ALJ applied the correct legal standards in making her findings. Accordingly, the Defendant's motion for summary judgment is **GRANTED**, and Plaintiff's motion for summary judgment is **DENIED.** The Commissioner's decision denying benefits is **AFFIRMED**.

Signed on August 13, 2018.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**